**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Fernando Hernandez Richter, | NO. CV-19-5513-PHX-DGC |
| Plaintiff, | **ORDER** |
| v. | |
| Christopher Romero, et al., | |
| Defendants. | |

The Court previously ruled that Plaintiff's treating physician, Dr. Youssef, will be limited to fact witness testimony in this case because Plaintiff failed to identify him as an expert witness as required by Rule 26(a)(2)(A), and failed to disclosure his expert opinions under either Rule 26(a)(2)(B) or (C). Doc. 192 at 9. The Court held that "Plaintiff is precluded from using Dr. Youssef for anything other than simple fact testimony." *Id.* The Court recognized "that the distinction between fact and expert testimony is particularly difficult when a treating physician testifies about treatment provided to a plaintiff," but pledged to "do its best to maintain this distinction and limit the testimony of Dr. Youssef to facts," noting that "Defendants may object if they believe Dr. Youssef is straying into expert opinions." *Id.*

Today, Plaintiff filed a memorandum stating that he intends to have Dr. Youssef testify about "the subject matter of [his] treatment as disclosed in the medical records and to opinions formed in the course of the treatment provided by [him]." Doc. 224 at 2. In support of this scope of examination, Plaintiff cites several cases. Plaintiff asserts that the

only testimony Dr. Youssef may not give is "expert testimony beyond the scope of the treatment rendered." *Id.* at 3.

The Court files this order to apprise Plaintiff that it does not agree with the scope of testimony he proposes. As a member of the Advisory Committee on the Federal Rules of Civil Procedure, the undersigned judge chaired the subcommittee that drafted the 2010 amendments to Rule 26(a)(2). The clear intent of those amendments was as follows: A treating physician could testify about opinions formed during the course of treatment only if the party presenting the physician identified her as an expert under Rule 26(a)(2)(A) and produced a timely disclosure statement under Rule 26(a)(2)(C). The physician could present opinions that go beyond the course of treatment only if she was identified under Rule 26(a)(2)(A) and produced a more detailed expert report under Rule 26(a)(2)(B). In either event, Rule 26(a)(2) disclosures are required for treating physicians who will testify about opinions covered by Rule 702.

This point was made clear in the advisory committee notes to the 2010 amendments:

> A witness who is not required to provide a report under Rule 26(a)(2)(B) may both testify as a fact witness and also provide expert testimony under Evidence Rule 702, 703, or 705. Frequent examples include *physicians or other health care professionals* and employees of a party who do not regularly provide expert testimony. *Parties must identify such witnesses under Rule 26(a)(2)(A) and provide the disclosure required under Rule 26(a)(2)(C).*

Fed. R. Civ. P. 26 (2010 Advisory Committee Note) (emphasis added).

These requirements are explained clearly by Professor Gensler:

> In summary, the disclosures that must be made for a treating physician depend on the nature of the testimony he or she will give. *Unless the treating physician is going to be limited to testifying about facts in a lay person capacity, the physician must be disclosed as an expert and must provide either the summary disclosures or an expert report*. Whether the treating physician must file a written report or is subject only to summary disclosures depends on the role of the expert. *If the treating physician's expert opinions stay within the scope of treatment and diagnosis, then the physician would not be considered "retained" to provide expert testimony and only summary disclosures would be needed.* But if a treating physician is going to offer

> opinions formed outside the course of treatment and diagnosis, then as to those further opinions the physician is being used in a "retained expert" role and the Rule 26(a)(2)(B)'s report requirement will apply to the extent of that further testimony.

S. Gensler & L Mulligan, 1 Federal Rules of Civil Procedure, Rules and Commentary, Rule 26 (2024) (footnotes citing cases omitted; emphasis added).

The Case Management Order in this case made the same point:

> *Disclosures under Rule 26(a)(2)(A) of the Federal Rules of Civil Procedure must include the identities of treating physicians and other witnesses who will provide testimony under Rules 702, 703, or 705 of the Federal Rules of Evidence*, but who are not required to provide expert reports under Rule 26(a)(2)(B). *Rule 26(a)(2)(C) disclosures are required for such witnesses* on the dates set forth above. Rule 26(a)(2)(C) disclosures must identify not only the subjects on which the witnesses will testify, but must also provide a summary of the facts and opinions to which the expert will testify. The summary, although not as detailed as a Rule 26(a)(2)(B) report, must be sufficiently detailed to provide fair notice of what the expert will say at trial.

Doc. 28, ¶ 5(e) (emphasis added).

A footnote to this provision clarified the difference between treating physicians for whom simpler Rule 26(a)(2)(C) summaries are required, and those who must produce more detailed Rule 26(a)(2)(B) expert reports:

> A "treating physician is only exempt from Rule 26(a)(2)(B)'s written report requirement to the extent that his opinions were formed during the course of treatment." *Goodman v. Staples The Office Superstore, LLC*, 644 F.3d 817, 826 (9th Cir. 2011). Thus, for opinions formed outside the course of treatment, Rule 26(a)(2)(B) written reports are required. *Id*. *For opinions formed during the course of treatment, Rule 26(a)(2)(C) disclosures will suffice*.

*Id.* n.2 (emphasis added).

In sum, it has been clear from the outset of this case – and from December 1, 2010, when the 2010 amendments to Rule 26(a)(2) became effective – that treating physicians who are going to testify about opinions formed during the course treatment must be disclosed under Rule 26(a)(A), and their opinions must be disclosed under Rule 26(a)(2)(C).

3

Having failed to make either disclosure, Plaintiff may not elicit such opinions from Dr. Youssef.

The cases Plaintiff cites to the contrary are, respectfully, incorrect. To the extent they support Plaintiff's proposal, they misunderstand the 2010 amendments and the difference between treating physicians for whom 26(a)(2)(C) summaries are required and those who must produce Rule 26(a)(2)(B) expert reports. *See, e.g., Hickman v. State Farm Mut. Auto. Ins. Co.*, No. 3:10-cv-00121-TMB, 2011 U.S. Dist. LEXIS 164912, at *10-12 (D. Alaska Oct. 24, 2011); *Halford v. Hartford Fin. Servs. Grp.*, No. 2:15-cv-00716-JAD-PAL, 2016 U.S. Dist. LEXIS 67268, at *13-14 (D. Nev. May 20, 2016).

Other cases cited by Plaintiff address Rule 701 testimony by treating physicians and do not consider the 2010 amendments or their disclosure requirements. *See Haro v. GGP-Tucson Mall LLC*, No. CV-17-00285-TUC-JAS, 2019 WL 369269, at *4 (D. Ariz. Jan. 30, 2019); *Montoya v. Sheldon*, 286 F.R.D. 602, 607 (D.N.M. 2012). The Court notes, however, that Rule 701(c) makes clear that treating doctors may not use Rule 701 to present opinions that are covered by Rule 702. Those opinions must clear the threshold of Rule 702 and be disclosed under Rule 26(a)(2).

The final case Plaintiff cites, *Blameuser v. Hasenfang*, 345 F. App'x 184 (7th Cir. 2009), predates the 2010 amendments.

Because he failed to provide any disclosures under Rule 26(a)(2)(A)-(C), Plaintiff is precluded from presenting any opinions by Dr. Youssef that are based on his knowledge, skill, experience, training, or education. *See* Doc. 192; Fed. R. Evid 702. This includes opinions formed during the course of treating Plaintiff, as made clear by the notes to the 2010 amendments and the Case Management Order in this case.

The Court therefore reiterates that "Plaintiff is precluded from using Dr. Youssef for anything other than simple fact testimony." Doc. 192 at 9. The Court continues to recognize that the distinction between fact and expert testimony is difficult when a treating physician testifies about treatment provided to a plaintiff, but again pledges to do its best to maintain this distinction and limit the testimony of Dr. Youssef to facts. Defendants may object if they believe Dr. Youssef is straying into Rule 702 opinions.

1  Dated this 28th day of January, 2024.

*David G. Campbell*
David G. Campbell
Senior United States District Judge

5